**Pages 1 - 12**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP, JUDGE

| | |
|---|---|
| MALIBU MEDIA, LLC,                )<br>                                   )<br>         Plaintiff,                )<br>                                   )<br>   VS.                             )<br>                                   )<br> JOHN DOE subscriber assigned      )<br> IP address 108.194.46.141.        )<br>                                   )<br>         Defendant.                )<br>_____)<br>MALIBU MEDIA, LLC,                 )<br>                                   )<br>         Plaintiff,                )<br>                                   )<br>   VS.                             )<br>                                   )<br> JOHN DOE subscriber assigned      )<br> IP address 108.77.237.167,        )<br>                                   )<br>         Defendant.                )<br>_____) | **No. C 16-5738 WHA**<br><br><br><br><br><br><br><br>**No. C 16-5843 WHA**<br><br><br><br><br><br>San Francisco, California<br>Thursday, March 30, 2017 |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:
        Law Offices of Henrik Mosesi
        433 N. Camden Drive, 6th Floor
        Beverly Hills, California 90210
   **BY:  Henrik Mosesi, Esquire**

**Reported By: Katherine Powell Sullivan, CSR No. 5812, RMR, CRR**
              **Official Reporter**

|    |                                                                        |
|----|------------------------------------------------------------------------|
| 1  | **Thursday - March 30, 2017**                        **11:07 a.m.**    |
| 2  | **P R O C E E D I N G S**                                              |
| 3  | **THE CLERK:** Civil 16-5738 and Civil 16-5843.  They're               |
| 4  | both In re Malibu Media, on for initial case management                |
| 5  | conferences.                                                           |
| 6  | Counsel, please state your appearance.                                 |
| 7  | **MR. MOSESI:** Good morning, Your Honor.  Henrik Mosesi                |
| 8  | for Malibu Media.                                                      |
| 9  | **THE COURT:** Okay.  Welcome to you.                                  |
| 10 | And did you call both cases?                                           |
| 11 | **THE CLERK:** I did call both numbers, Your Honor.                    |
| 12 | **THE COURT:** All right.  So this hearing is for both                 |
| 13 | cases.                                                                 |
| 14 | Well, do you know where your opponents are in this case?               |
| 15 | **MR. MOSESI:** I do not, Your Honor.                                  |
| 16 | After I saw your order from a few days ago, I notified                 |
| 17 | everyone that that's what had happened in this case and just           |
| 18 | put them on notice that they might have to show up.                    |
| 19 | I received response from most counsel saying they will not             |
| 20 | show up.  They haven't made an appearance.  Their clients              |
| 21 | haven't made an appearance.                                            |
| 22 | But as far as Trevor Zink, I have not heard from him.  But             |
| 23 | I am ready to explain to the Court why -- or the circumstances         |
| 24 | surrounding the motion to quash.                                       |
| 25 | There was communication between myself and Mr. Zink.  We               |

```
 1   did not ignore his --
 2           THE COURT:  What number is that?
 3           MR. MOSESI:  5843.
 4           THE COURT:  Okay.  So what -- go ahead and explain
 5   whatever you want to explain.
 6           MR. MOSESI:  Mr. Zink, in his declaration or motion,
 7   stated that he offered us unfettered access to investigate the
 8   claim or inspect his client's computer.  But that unfettered
 9   access offer came four or five days after his initial email.
10   And it wasn't really unfettered access.
11        He initially emailed us stating that his client is not
12   responsible for the downloading of the movies; there are no
13   infringing material on his or her computer.  He said let's set
14   up a framework to investigate this case, in his initial email
15   on March 14th, but didn't offer anything as far as his client's
16   name, information, how many computers he or she has.
17        So we went back and forth.  Four or five days later he --
18   at the first -- that was the first time, on March 20th, he
19   offered us his client's computer.  Again, without any
20   identifying information.  So we don't know if we're getting
21   that actual person's computer or some other random hard disk or
22   computer.  So we can't tie this person, who the IP address
23   belongs to, to the computer that they're offering us.  So how
24   is that unfettered access?
25           THE COURT:  Well, how are you going to know in
```

discovery that they give you the right computer?

**MR. MOSESI:** Well, once we have the person's information, name, last name and -- I mean, basically it's just based on their word. If they have one or two computers, that's what they state under penalty of perjury. If we find otherwise then, of course, there's consequences for that. But he didn't offer us that unfettered access. So we were stuck deciding how to basically litigate against ourselves.

Six days after his initial motion he filed a motion to quash while we're still talking, while I'm still trying to get some sort of framework for my client. So we didn't ignore his emails. It wasn't silence for six days.

**THE COURT:** Well, didn't I already deny the motion to quash?

**MR. MOSESI:** Yes, you did.

**THE COURT:** Okay.

**MR. MOSESI:** But I think you also asked us to come up here and explain why there was this one-week delay.

**THE COURT:** That's true.

So, again, I'm confused. Why didn't counsel show up for today's hearing?

**MR. MOSESI:** I have no idea, Your Honor. I drove six hours. I got here at 4 o'clock in the morning.

**THE COURT:** You drove six hours from L.A.?

**MR. MOSESI:** Yes. I hate flying.

1    **THE COURT:** I don't blame you. Which way did you
2 come?
3    **MR. MOSESI:** I'm sorry?
4    **THE COURT:** Highway 5?
5    **MR. MOSESI:** 5 to 152 to the 101. Some crazy route.
6    **THE COURT:** How come you did that? Why didn't you
7 stick with 5?
8    **MR. MOSESI:** Google said to use that.
9    **THE COURT:** Okay. It could be that was quicker.
10   **MR. MOSESI:** Yeah. So I guess there's really nothing
11 we can do as far as scheduling or anything.
12   **THE COURT:** Yeah, we can. We're going to set a
13 schedule. I'm going to give you your schedule in a minute.
14       Do you know the schedule I've given you in the -- there's
15 another case that I thought I had right here but -- okay. It's
16 called case number 1611. And it's still an extant case. It's
17 an active case. And I think for simplicity I'm going to give
18 you close to that same schedule. And then I'll get the order
19 out.
20       Before I do that, has -- in case number 5843, which we're
21 here on today, a lawyer has appeared in that case?
22   **MR. MOSESI:** Your Honor, I think Mr. Zink has just
23 filed a notice of appearance. But there is no defendant
24 identified. There's no answer. There's really nothing.
25   **THE COURT:** But somebody has appeared. They had to.

```
 1          MR. MOSESI:  He filed a motion to quash, correct,
 2   Mr. Zink.
 3          THE COURT:  Right.  So what's his name?
 4          MR. MOSESI:  Trevor Zink.
 5          THE COURT:  He's a lawyer?
 6          MR. MOSESI:  He is.
 7          THE COURT:  And he's representing whoever the John Doe
 8   is?
 9          MR. MOSESI:  Yes.
10          THE COURT:  Do you know who the John Doe is yet?
11          MR. MOSESI:  We do not.
12          THE COURT:  Have you served John Doe with a subpoena
13   and all that?
14          MR. MOSESI:  Yes.
15          THE COURT:  A summons?
16          MR. MOSESI:  Yes.
17      Since the motion to quash was pending we, of course,
18   couldn't take any action.  Once the judge -- Your Honor denied
19   the motion, we served the subpoena on AT&T or Comcast.
20          THE COURT:  Okay.  You served the subpoena.  But did
21   you get the info about who --
22          MR. MOSESI:  Not yet, Your Honor.
23          THE COURT:  Okay.  So then -- well, then, I am
24   premature.  I've got to wait, okay.  What you need to do is
25   serve the summons and complaint upon the real John Doe, whoever
```

```
 1   that is.
 2           MR. MOSESI:  Correct.
 3           THE COURT:  So even though there's been a lawyer who's
 4   appeared, that was only for purpose of quashing the -- you
 5   still have got to do the formality of summons and complaint and
 6   service.
 7           MR. MOSESI:  Yes, Your Honor.
 8           THE COURT:  When are you going to get that done?
 9           MR. MOSESI:  Your Honor, as soon as we get the
10   identifying information.
11           THE COURT:  When is that going to be?
12           MR. MOSESI:  I believe within 10 or 15 days.
13           THE COURT:  All right.  So, Dawn, give me a date about
14   a month away for a case management conference in this case.
15           THE CLERK:  Okay.
16           LAW CLERK:  May 18th is when all of the other ones are
17   scheduled.
18           THE COURT:  All right.  May 18th.  You've got to come
19   back on May 18th.  But you need to give written notice to Zink
20   that there's going to be one on May 18th.
21       And I'm ordering you now to serve, through summons and
22   complaint, John Doe within one week of getting the info as to
23   who he is.
24           MR. MOSESI:  Yes, Your Honor.
25           THE COURT:  Don't do this whole thing about, because
```

1  it's May 18th, waiting until early May.  Then they'll say
2  they've got a conflict and not show up.  Let's get it done
3  promptly.
4          **MR. MOSESI:**  Will do, Your Honor.
5          **THE COURT:**  Okay.  That's case number 5843.
6      What's the story on number 5738?  Where does that one
7  stand?
8          **MR. MOSESI:**  Your Honor, I think that is also -- may I
9  take a look at my notes?
10         **THE COURT:**  Of course.
11         **MR. MOSESI:**  I just texted my office, and they're
12 saying that the only CMC is this one, 58.  So I am a little
13 unprepared.
14         **THE COURT:**  Have you identified who John Doe is?
15         **MR. MOSESI:**  I don't believe so, Your Honor.
16         **THE COURT:**  Same deal.
17         **MR. MOSESI:**  I'm sorry, Your Honor.  What was the
18 case?
19         **THE COURT:**  5738.  We're going to have a CMC -- have
20 you even subpoenaed the ISP provider?
21         **MR. MOSESI:**  Your Honor, I don't want to make an
22 incorrect --
23         **THE COURT:**  Does my law clerk know?
24         **LAW CLERK:**  Yes.
25         **THE COURT:**  He says you have done that.

1        **MR. MOSESI:**  It's our practice to do that right away.
2        **THE COURT:**  Next time you ought to come with more info
3    and be able to answer my questions.
4        All right.  I'm giving you -- I want you to serve -- serve
5    that individual with summons and complaint within one week of
6    getting that information.
7        **MR. MOSESI:**  Yes, Your Honor.
8        **THE COURT:**  And then you ought to notify them that at
9    the same time there's a May 18 case pending, a conference.
10       **MR. MOSESI:**  Will do.
11       Your Honor, does the Court like us to file notice of --
12   notice of the order with the Court?  The notice of giving the
13   order?  I'm supposed to give written notice to the opposing
14   side; correct?
15       **THE COURT:**  Yes.  It's a little complicated here
16   because they have not made an appearance for -- they only
17   appeared to quash.
18       So in some ways it's -- they haven't appeared, so there's
19   no one you can give -- give a courtesy notice.
20       In 5738, has anyone made any kind of appearance?
21       **MR. MOSESI:**  Again, Your Honor, I would have to check
22   my notes.  I can't --
23       **LAW CLERK:**  I think so.
24       **THE COURT:**  We're not sure.
25       **THE CLERK:**  I believe there's someone on the docket

1  for the John Doe named Steven Vondran.
2          **MR. MOSESI:**  That's correct.  I'm familiar with him.
3  I talk to him all the time.
4          **THE COURT:**  So he's already made an appearance.
5          **MR. MOSESI:**  Just, probably, a notice of appearance,
6  not --
7          **THE COURT:**  But you haven't even served the summons
8  and complaint.
9          **MR. MOSESI:**  Correct, because we don't have the
10 identifying information yet.
11         **THE COURT:**  You do have because we know it's Steven
12 Von somebody.
13         **MR. MOSESI:**  Steven Vondran is the attorney.
14         **THE COURT:**  Wait.  Wait.  That's the attorney --
15         **MR. MOSESI:**  Yes.
16         **THE COURT:**  -- or the individual?
17         **THE CLERK:**  That is the attorney at the Law Office of
18 Steven Vondran.  He filed a notice of appearance.
19         **THE COURT:**  Do you know for certain whether or not you
20 have gotten the identification for John Doe in that case?
21         **MR. MOSESI:**  I am not hundred percent certain, but I
22 would say I'm 80 percent certain that we have not.
23         **THE COURT:**  What do you think?
24         **LAW CLERK:**  I think he's correct on that one;
25 incorrect on 5843.  I think they filed the notice that they

```
 1   received the information on the first one.
 2           MR. MOSESI:  There may be a notice of ISP that we've
 3   just filed in the last couple of days, receipt of
 4   information --
 5           THE COURT:  You've driven a long way.  You should know
 6   the facts better than this.  I'm cutting you a little bit of
 7   slack here.
 8           MR. MOSESI:  I apologize, Your Honor.  I wasn't aware
 9   that there was a second CMC.  I was more prepared for the first
10   matter.
11           THE COURT:  Let me ask my law clerk because he's up to
12   speed on all of this.
13       My plan is to have a new case management conference on
14   May 18th.  Do you think that's okay?
15           LAW CLERK:  Yes.  That's when all of the other ones
16   are scheduled to occur as well.
17           THE COURT:  All right.  That's what we're going to do
18   then.  So listen.
19           MR. MOSESI:  Yes.
20           THE COURT:  I'm running out of patience on all these
21   Malibu Media cases because I give you extensions and then you
22   don't take advantage of it, and on the last day you ask for
23   extensions.  There's been a history of that in this case.
24       So you need to please get cracking.  Get these people
25   served with summons and complaint and notify them about
```

```
 1  May 18th and so we can get the ball rolling and get the cases
 2  resolved.  All right?
 3          MR. MOSESI:  I will, Your Honor.
 4          THE COURT:  If you don't do any of that, I'm going to
 5  dismiss for lack of prosecution.
 6          MR. MOSESI:  Understood, Your Honor.
 7          THE COURT:  So please, please help me out here.
 8          MR. MOSESI:  I will.  Thank you, Your Honor.
 9          THE COURT:  All right.  I think we've covered
10  everything; right?  That's all I can do today.
11          MR. MOSESI:  Thank you, Your Honor.  Thank you for
12  your help.
13          THE COURT:  Have a safe journey home.
14          MR. MOSESI:  Thank you.
15      (At 11:20 a.m. the proceedings were adjourned.)
16                            - - - -
17                    **CERTIFICATE OF REPORTER**
18      I certify that the foregoing is a correct transcript
19  from the record of proceedings in the above-entitled matter.
20  DATE:   Wednesday, April 5, 2017
21
22      _____ *Katherine Sullivan* _____
23          Katherine Powell Sullivan, CSR #5812, RMR, CRR
                        U.S. Court Reporter
24
25
```